IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DELILAH GARCIA,<br>Plaintiff, | § § § | |
| v. | § | EP-18-CV-215-DB |
| | § § | |
| EL PASO VA HEALTHCARE SYSTEM<br>and VETERANS HEALTH<br>ADMINISTRATION,<br>Defendants. | § § § § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court sua sponte considered the above-captioned case. On July 16, 2018, Plaintiff Delilah Garcia ("Plaintiff") filed her Original Complaint. On October 9, 2018, Plaintiff filed an Amended Complaint. Therein, Plaintiff alleges wrongful death and negligence on the part of the El Paso Veterans Affairs Healthcare System and Veterans Health Administration, which treated her husband's depression before he committed suicide in 2014.

On September 11, 2018, the Court sua sponte issued an Order reminding Plaintiff because she is not proceeding in forma pauperis[1] in this case that it is incumbent upon Plaintiff to timely serve Defendants in a manner that follows Rule 4 of the Federal Rules of Civil Procedure. Plaintiff was advised, pursuant to Rule 4(m), that she is obligated to serve Defendants in the manner that is provided by Rule 4 within 90 days from the date Plaintiff filed her complaint in this lawsuit, i.e., within 90 days from July 16, 2018.

Accordingly, the Court ordered that the Clerk of the Court forward summons forms to Plaintiff. Upon completion of the forms for each Defendant, Plaintiff returned them to the Clerk of the Court. On October 9, 2018 and October 10, 2018, summons issued as to the U.S. Attorney,

---

[1] Forma pauperis refers to those who cannot afford to pay the normal parts of a lawsuit.

U.S. Attorney General, El Paso VA Healthcare System, and Veterans Health Administration. After issuing the summons, the Clerk of the Court forwarded the summons to Plaintiff for service on Defendants. In the Court's Order, Plaintiff was referred to page 12 of the pro se manual available online at https://www.txwd.uscourts.gov/filing-without-an-attorney/, which includes instructions on completing the summons forms and service of process.

Plaintiff's ninety-day period in which to make service ended Monday, October 15, 2018. On November 5, 2018, the Court issued an "Order to Show Cause" because the Plaintiff had yet to file a Return of Service for any defendant. It was therefore ordered that on or before November 20, 2018, Plaintiff Delilah Garcia show cause why the Court should not dismiss this case for failure to prosecute. After due consideration, the Court is of the opinion that the instant case should be dismissed, pursuant to Federal Rule of Civil Procedure 4(m), because Plaintiff has failed to comply with Federal Rule of Civil Procedure 4(c)(1), the Court's September 11th Order and the Court's November 5th Order to Show Cause.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(c)(1) dictates that to properly affect service upon a defendant, a "plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)." FED. R. CIV. PRO. 4(c)(1). Federal Rule of Civil Procedure 4(m) gives a plaintiff ninety days to make service after filing a complaint. FED. R. CIV. P. 4(m). If service is not made within this timeframe, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

## ANALYSIS

Under Rule 4(c)(1), the Plaintiff has ninety days to serve the defendant with a copy of the summons and complaint after filing the complaint. Plaintiff filed her complaint on July 16,

2

2018. Plaintiff's ninety-day period to effect service expired on October 15, 2018. The record reflects that, as of today, Plaintiff has yet to file a Return of Service for any defendant.

On October 9, 2018, Plaintiff filed an Amended Complaint, which she could as a matter of course because it was within 21 days after serving the pleading (indeed she had not served the pleading according to the Court's records). FED. R. CIV. P. 15(a)(1)(A). But the Amended Complaint did not toll or add time to the initial ninety-day period because the Amended Complaint "asserts a claim that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Therefore, the Amended Complaint relates back to the date of the original pleading. FED. R. CIV. P. 15(c)(1).

In line with the options given in Rule 4(m), the Court ordered the Plaintiff not once, but twice, on September 11th and November 5th to effect service on the Defendant within 90 days of filing the complaint and warned that the instant case would be dismissed if Plaintiff failed to properly effect service. As of today, the Plaintiff has not responded to the November 5th Order to Show Cause nor has the Plaintiff filed any proof of service for any defendant. Therefore, the Court concludes that Plaintiff failed to properly effect service on Defendant by October 15, 2018.

Despite ample notice of the Court's intent to dismiss the instant case if Plaintiff failed to properly and timely effect service on Defendant, service was not made within the allotted ninety days, so "the court . . . must dismiss the action without prejudice against that defendant . . ." FED. R. CIV. P. 4(m). Accordingly, the Court is of the opinion that the following orders should enter.

**IT IS HEREBY ORDERED** that the instant case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all other pending motions, if any, are **DENIED AS MOOT**.

**SIGNED** this **21st** day of **November 2018**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE